S.I.R.P.R.

FILED - GR
September 5, 2023 9:35 AM
CLERK OF COURT
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
BY:JMW  SCANNED BY: KB / 9-5

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF MICHIGAN

SOUTHERN DIVISION

| | |
|---|---|
| **RICHARD JAY VANDERKOLK,**<br><br>Plaintiff,<br><br>v.<br><br>**CHRISTIAN PATRICK VILLANI,**<br><br>Defendant, | Case No. _____ **1:23-cv-932**<br>Robert J. Jonker<br>U.S. District Judge |

| PLAINTIFF: | DEFENDANT: |
|---|---|
| **Richard Jay VanderKolk**<br>*(in pro per)*<br>ADDR:  9074 Brigadoon Ln North<br>            West Olive, MI 49460<br>PHONE: (616) 570-4599<br>EMAIL: RickJvk@gmail.com | **Christian Patrick Villani**<br>*(in pro per)*<br>ADDR:  3370 Nina Way<br>            Dillingham, AK 99576<br>PHONE: (907) 843-0292<br>EMAIL: LLanichamp3@gmail.com |

*There is no other pending or resolved civil action arising out of the same transaction or occurrence as alleged in the complaint.*

### PLAINTIFF RICHARD JAY VANDERKOLK'S VERIFIED COMPLAINT

NOW COMES Richard Jay VanderKolk ("Plaintiff"), and as and for his complaint against Christian Patrick Villani ("Defendant") states the following:

### PARTIES

1. Plaintiff is an adult natural person who resides in Olive Township, Ottawa County, in the State of Michigan.

2. Defendant is an adult natural person who resides at the address commonly known as Dillingham, AK 99576 in the State of Alaska.

## II. JURISDICTION AND VENUE

3. This is a civil action for compensatory damages as well as costs for fees and losses incurred by Plaintiff as a result of breach of contract by Defendant.

4. This court has jurisdiction because alleged damages exceed $75,000 and the parties reside in different states.

5. Venue is proper in the Western District of Michigan.

## III. STATEMENT OF FACTS

6. Plaintiff and Defendant were friends and business associates from April 28, 2022 to February 20, 2023.

7. In May 2022, Plaintiff was hired by Defendant to manage ecommerce and fulfillment of Defendant's commercial fish harvest. By October 2022, the scope of the commercial fish harvest expanded to include research & development of technology to improve kelp farming, a much larger mariculture project.

8. The business relationship evolved to the extent that Plaintiff was relied upon to seek financing for the mariculture R&D project on behalf of Defendant.

9. From November 2022 onward, Defendant consistently introduced Plaintiff as "business partner" or "manager" both in person and in writing, relying on Plaintiff for funding research, analysis, and development of professional presentation materials to market the project.

10. Between February 15 and February 20, 2023, during over eight hours of recorded conversation and documentation, parties discussed future roles, financing, and worked on a commercial pitch deck intended to seek private financing.

11. On February 18, 2023, Defendant asked Plaintiff to join the project as Chief Financial Officer (CFO) at a rate of $150,000 per year for a minimum of two years. Confirming the position, rate, and timeframe, Defendant said, "you're definitely someone I want on the team," and "that's where I want you (as CFO)." Plaintiff agreed.

12. On February 19, 2023, Plaintiff alerted Defendant to Plaintiff's concerns of serious false claims in the commercial pitch deck made by Defendant regarding the proposed mariculture technology's ability.

13. Plaintiff warned Defendant that such false claims, if used to justify financing, would be defrauding investors and, therefore, must be immediately removed.

14. On February 20, 2023, Defendant became enraged by Plaintiff's stated concerns and retaliated by severing Plaintiff from their business project.

15. On February 20, 2023, Defendant also besmirched Plaintiff's reputation with the primary financing group associated with the mariculture project.

16. Defendant exploited Plaintiff's professional skills, network, knowledge, abilities, and resources to:

 (i) Connect with Congressman Peltola's office and staff;

 (ii) Research and analyze the viability of Defendant's proposed business ideas;

 (iii) Craft a commercial pitch deck Defendant used to seek grants and public credibility from a private foundation and millions of dollars from prospective investors.

17. Defendant has a pattern of brazen, deceptive behavior in the past year alone.

### IV. SUMMARY OF DAMAGES

18. Plaintiff has suffered economic damages in the loss of the promised CFO position due to Defendant's manipulative and callous behavior.

19. Plaintiff has and will continue to suffer reputational injury due directly and proximately to Defendant's acts.

## COUNT I
## BREACH OF CONTRACT

20. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

21. Due directly and proximately to the acts of commission and omission of Defendant, Plaintiff has and will continue to suffer damages:

(i) An expressed contract existed between parties:

(ii) Both parties were aware of the contract;

(iii) The contract was breached in a material way;

(iv) Defendant's conduct was the proximate cause of the breach;

22. Plaintiff lost $300,000 of contractual employment as a result of the breach

23. Plaintiff has mitigated his damages to the best of his ability;

24. Plaintiff seeks a just award of $300,000.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court will:

A. Enter judgment in Plaintiffs favor against Defendant in an amount that exceeds seventy five thousand dollars ($75,000.00) for general and/or compensatory damages;

B. Award Plaintiff costs and fees Plaintiff incurs to bring forth and litigate the instant civil action;

C. Award Plaintiff any and all other relief which is warranted by law or equity.

## COUNT II
## PROMISSORY ESTOPPEL

25. Plaintiff incorporates by reference as if each is fully set forth herein all preceding paragraphs of this Complaint.

26. There was a clear and definite promise to Plaintiff by Defendant for him to join the project as Chief Financial Officer (CFO) at a rate of $150,000 per year for a minimum of two years.

27. Defendant should reasonably have expected to induce Plaintiff to take action to accept such offer of employment.

28. Plaintiff did rely upon such promise in accepting Defendant's offer of employment and beginning to work for Defendant's company.

29. Plaintiff was then damaged by Defendant's action in terminating Plaintiff from his position two days after the offer was accepted without justification; such damages constituting at least $300,000.00 in promised income.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff prays that this Honorable Court will:

A. Enter judgment in Plaintiffs favor against Defendant in an amount that exceeds seventy five thousand dollars ($75,000.00) for general and/or compensatory damages;

B. Award Plaintiff costs and fees Plaintiff incurs to bring forth and litigate the instant civil action;

C. Award Plaintiff any and all other relief which is warranted by law or equity.

## VERIFICATION OF RICHARD JAY VANDERKOLK

*I declare under the penalties of perjury that this Verified Complaint has been examined by me and that its contents are true to the best of my information, knowledge, and belief.*

Dated: September 5, 2023

Richard Jay VanderKolk,
Plaintiff